IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 6:24-cv-01214-HLT-BGS

## MEMORANDUM AND ORDER

Plaintiff Karen Cahail requested documents from the Social Security Administration ("SSA") under the Freedom of Information Act ("FOIA"). She alleges that the SSA did not provide a full response. She seeks court-ordered FOIA compliance.[1]

Plaintiff filed this case in Sedgwick County, Kansas. Defendants removed the case to federal court under 28 U.S.C. § 1442, which authorizes removal by the United States and its agencies and officers. Defendants move to dismiss because the state court lacked jurisdiction over the case and this Court's jurisdiction is derivative. Doc. 6. They contend that the Court therefore never acquired jurisdiction upon removal. The Court agrees that the derivative-jurisdiction doctrine requires dismissal of the case without prejudice.

The derivative-jurisdiction doctrine applies when a party removes a case under 28 U.S.C. § 1442.[2] *Brunson v. Sotomayor*, 2024 WL 503728, at *1 (10th Cir. 2024). For § 1442 removals, this means that a federal court only acquires jurisdiction over the case if the state court had

---

[1] Plaintiff proceeds pro se. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[2] Congress abrogated the doctrine with respect to removal under 28 U.S.C. § 1441, but left the doctrine undisturbed for removals under § 1442. *Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020).

jurisdiction before removal.³ It does not matter whether the federal court would have had jurisdiction if the case originated there. *See Hallquist v. Johnson*, 2022 WL 816577, at *2 (E.D. Wis. 2022).

The state court lacked jurisdiction in this case because the federal government has not waived sovereign immunity for FOIA cases in state court. *See Cofield v. United States*, 64 F. Supp. 3d 206, 213 (D.D.C. 2014); *Hallquist*, 2022 WL 816577, at *2. Instead, FOIA waives sovereign immunity only to suits filed in federal courts. 5 U.S.C. § 552(a)(4)(B); *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995).

Federal defendants may remove a case from state court to federal court under 28 U.S.C. § 1442. Defendants accordingly removed the case and timely moved to dismiss. But the state court lacked subject matter jurisdiction and this Court therefore did not acquire it upon removal. *See High Lonesome Ranch*, 61 F.4th at 1240 ("Because the state trial court never had jurisdiction over these crossclaims, upon the United States' § 1442 removal, 'the federal court acquire[d] none.'") (citation omitted). Dismissal without prejudice is thus warranted.

Plaintiff tries to avoid dismissal by (1) arguing that the Supreme Court abolished the derivative-jurisdiction doctrine and (2) asking for leave to amend. Neither changes the outcome.

First, Plaintiff cites *Syngenta Crop Protection LLC v. Henson*, 537 U.S. 28 (2021). *Syngenta* did not address derivative jurisdiction. Instead, it resolved whether the All Writs Act furnishes removal jurisdiction. (It does not.) And *Syngenta* considered whether removal was proper under 28 U.S.C. § 1441, <u>not</u> § 1442. *Syngenta* does not require an outcome favorable to Plaintiff here.

---

³ A party may waive a derivative-jurisdiction argument. *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1241 (10th Cir. 2023). The doctrine is procedural, not jurisdictional (despite its name). *Id.*

Second, Plaintiff asks for leave to amend her complaint to add a claim under the Federal Tort Claims Act. Plaintiff did not follow the correct procedures to amend her complaint, which justifies denial. D. Kan. R. 15.1. But, regardless, a plaintiff cannot circumvent the derivative-jurisdiction bar by amending her complaint to invoke federal jurisdiction. *Ricci*, 976 F.3d at 773-74; *see also Goodwill v. eTitle Ins. Agency*, 2022 WL 1741595, at *2 n.3 (10th Cir. 2022) (citing *Ricci*).

Finally, Plaintiff filed four supplements to her response brief. Docs. 11, 12, 13, & 14. These supplements are neither contemplated nor authorized by the rules governing motions practice. They are not properly before the Court. Even if they were, however, the outcome does not change. They seem to reflect an intent by Plaintiff to broaden the scope of this case. But Plaintiff filed this case under FOIA, and she can't broaden it now when Defendants have correctly challenged jurisdiction.

The Court understands that Plaintiff is upset by the death of her son. The Court genuinely sympathizes with the sense of loss and frustration that Plaintiff must feel. But Defendants have timely challenged whether the case can remain in federal court. And because Plaintiff improperly brought this case in state court against the United States and an agency and officer, the Court procedurally cannot assert jurisdiction here.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 6) is GRANTED. The Court dismisses the case without prejudice. The case is closed.

IT IS SO ORDERED.

Dated: February 6, 2025            /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE